**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| JASON ALAN LOWE,<br><br>    Petitioner,<br><br>    v.<br><br>J.F. SALAZAR, Warden,<br><br>    Respondent. | No. SA CV 10-166-CAS (PLA)<br><br>**ORDER TO SHOW CAUSE RE LACK OF EXHAUSTION OF PETITION** |

On February 10, 2010, petitioner, who is incarcerated at the Chuckawalla Valley State Prison, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. Petitioner apparently lost 60 days of custody credits based on a finding that he was in violation of a restraining order. Petition at 2. A review of the Petition indicates that petitioner has not exhausted his available state remedies, however. Petition at 2, ¶ 3; at 3, ¶ 6.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845.

A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, petitioner concedes that he did not appeal his conviction to the California Court of Appeal or file a Petition for Review with the California Supreme Court, and that he has not filed any habeas petitions in state court with respect to the subject judgment. Petition at ¶¶ 3, 4, 6. As the instant Petition is thus unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir.1997).

/
/
/
/
/
/

1  Accordingly, **no later than March 5, 2010**, petitioner is ordered to show cause why the
2  Petition should not be dismissed without prejudice for failure to exhaust state remedies.  Petitioner
3  is advised that his failure to timely respond to this Order will result in the action being dismissed
4  for failure to prosecute and follow Court orders.

6  DATED: February 12, 2010

   _____
   PAUL L. ABRAMS
   UNITED STATES MAGISTRATE JUDGE