

O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

JASON ALAN LOWE,                    )    No. SA CV 10-166-CAS (PLA)
                                    )
              Petitioner,           )
                                    )    **ORDER DISMISSING PETITION FOR LACK**
       v.                           )    **OF EXHAUSTION**
                                    )
J.F. SALAZAR, Warden,               )
                                    )
              Respondent.           )
_____)

        On February 10, 2010, petitioner, who is incarcerated at the Chuckawalla Valley State

Prison, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"),

pursuant to 28 U.S.C. § 2254.  Petitioner apparently lost 60 days of custody credits based on a

finding that he was in violation of a restraining order.  Petition at 2.  A review of the Petition

indicates that petitioner has not exhausted his available state remedies, however.  Petition at 2,

¶ 3; at 3, ¶ 6.

        As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

petitioner has exhausted the available state judicial remedies on every ground presented in the

petition.  Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The

habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall

not be granted unless it appears that -- (A) the applicant has exhausted the remedies available

1    in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii)

2    circumstances exist that render such process ineffective to protect the rights of the applicant." 28

3    U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived

4    expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

5       Exhaustion requires that petitioner's contentions be fairly presented to the state supreme

6    court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119

7    S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, fn.3 (9th Cir. 2000).

8    Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

9    invoking one complete round of the State's established appellate review process" in order to

10    exhaust his claims. O'Sullivan, 526 U.S. at 845.

11       A claim has not been fairly presented unless the prisoner has described in the state court

12    proceedings both the operative facts and the federal legal theory on which his claim is based. See

13    Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor,

14    404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830

15    (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994),

16    overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the

17    burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v.

18    Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, petitioner concedes that he did not appeal his

19    conviction to the California Court of Appeal or file a Petition for Review with the California

20    Supreme Court, and that he has not filed any habeas petitions in state court with respect to the

21    subject judgment. Petition at ¶¶ 3, 4, 6. As the instant Petition is thus unexhausted, it is subject

22    to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th

23    Cir.1997).

24       On February 12, 2010, the Magistrate Judge ordered petitioner to show cause, no later than

25    March 5, 2010, why this action should not be dismissed without prejudice for failure to exhaust his

26    state remedies. Petitioner was advised that his failure to timely respond to the Order

27    /

28    /

1   to Show Cause would result in the action being dismissed.  Petitioner did not file a response, and

2   his time for doing so has expired.

3       Accordingly, it is hereby ordered that this action is **dismissed without prejudice**.

4

5   DATED:  March 11, 2010

6                                   HON. CHRISTINA A. SNYDER

7                                   UNITED STATES DISTRICT JUDGE

8

9   Presented by:

10

11   Paul L. Abrams
     United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28